IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| W. D. GILMER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES R. DERTING and )<br>RONALD E. PARTEE, )<br>)<br>Defendants. ) | Case No. 05-0560-CV-W-ODS |

<u>ORDER AND OPINION (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS,
AND (2) DENYING MOTION TO APPOINT COUNSEL</u>

Pending are Plaintiff's Motion to Proceed in Forma Pauperis (Doc. # 1), and Plaintiff's Motion for Appointment of Counsel (Doc. # 3). For the following reasons, both motions are denied.

A party should not be permitted to proceed in forma pauperis if the Complaint (1) is frivolous or malicious, (2) fails to state a ground upon which relief can be granted, or (3) seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The opportunity to proceed in forma pauperis is a privilege rather than a right. <u>Martin-Trigona v. Stewart</u>, 691 F.2d 856, 857 (8th Cir. 1982). Determining whether an applicant is sufficiently impoverish to qualify under section 1915 rests within the sound discretion of the trial court. <u>Cross v. Gen. Motors Corp.</u>, 721 F.2d 1152, 1157 (8th Cir. 1983). A showing of poverty is sufficient if the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. <u>Adkins v. E.I. Du Pont De Nemours & Co.</u>, 335 U.S. 331, 339 (1948).

Plaintiff filed an Affidavit of Financial Status, which states that Plaintiff has a net monthly income of $2,400 a month. As a result, the Court is unable to find that Plaintiff would "be forced to give up the basic necessities of life if required to pay" the $250.00 filing fee in this matter. <u>Adkins</u>, 335 U.S. at 339.

Even if the Court were to conclude that Plaintiff has the ability to pay the required

filing fee in this matter, the Court would be unable to accept Plaintiff's proposed Complaint. Plaintiff alleges that he is seeking damages for attorney malpractice, a state law claim. Unless Defendants reside in states other than Plaintiff, this Court lacks jurisdiction over this case. 28 U.S.C. § 1332. It is unclear where Defendants reside from Plaintiff's Complaint, and Plaintiff has the burden of proving that jurisdiction exists. See Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990).

Plaintiff has also requested that the Court appoint counsel for him pursuant to 28 U.S.C. § 1915 (e)(1). Under this provision, the Court may "request an attorney to represent any person unable to afford counsel." Id. This decision is left to the sound discretion of the trial court. When ruling on a motion for appointment of counsel, the court should consider: (1) the merits of the claim; (2) the plaintiff's efforts to obtain counsel; and (3) the plaintiff's financial situation. Slaughter v. City of Maplewood, 731 F.2d 587, 590 (8th Cir. 1984); Hale v. North Little Rock Housing Auth., 720 F.2d 996, 998 (8th Cir. 1983). The Court has already addressed the merits to Plaintiff's claims.

Upon review of factors set forth in Slaughter and Hale, the Court has determined that Plaintiff does not qualify for in forma pauperis status and has not demonstrated a reasonable diligence under the circumstances to retain counsel. Accordingly, Plaintiff's requests to proceed in forma pauperis and for appointment of counsel are denied.

IT IS SO ORDERED.

DATE: June 22, 2005 /s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT